# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHNNY GRAYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:11CV5 |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendants. | ) |

### RECOMMENDATION OF DISMISSAL WITHOUT PREJUDICE
### TO PLAINTIFF FILING A NEW COMPLAINT

Plaintiff, a federal prisoner housed in Butner, North Carolina, has submitted a document entitled "Motion Requesting an emergency Request for relocation of Supervised release." In that document he explains that he is currently housed in the custody of the Federal Bureau of Prisons (BOP), but will soon be placed in a halfway house and on supervised release. He has been told by the BOP that he will be placed in the district of his conviction, which is the Northern District of West Virginia. However, Plaintiff states that he has a support group in Mount Airy, North Carolina, which is located in this District. Therefore, he wishes to be placed in a halfway house in Mount Airy and to be supervised in this District. He fears that he will be at a higher risk of re-offending if he is placed in the Northern District of West Virginia, where he has no support. Plaintiff seeks an order

"directing the Federal Bureau of Prisons to relocate his supervised release from his sentencing district . . . to the Middle District of North Carolina." (Docket No. 1 at 1.) It should be noted that Plaintiff first filed a similar motion in his criminal case in the Northern District of West Virginia. However, that motion was denied. In the denial, it was explained to him that it was up "to the BOP to develop an appropriate release plan with the defendant." *United States v. Grayson*, Case No. 5:08CR46-1, Docket No. 97 (N.D.W.Va. December 6, 2010)(Order denying Emergency Request for Relocation of Supervised Release). Plaintiff then filed his motion in this District.

The first difficulty in deciding Plaintiff's motion is that he filed it bearing the criminal case number from the Northern District of West Virginia. That case is not from this District and this Court cannot enter orders in another district's criminal case. Therefore, the motion cannot be filed as a motion in Plaintiff's criminal case. Instead, it must be treated as a type of civil action filed in this District. The type of action most similar to what Plaintiff has filed is a writ of mandamus. These writs have different uses, but one is to compel an officer or employee of the United States or other agency to perform ministerial duties in an action under 28 U.S.C. § 1361. *See Madden v. Myers*, 102 F.3d 74, 76 n.2 (3d Cir. 1996). Ordinarily, for mandamus to lie, Plaintiff would have to demonstrate all three of the following: a clear right to relief; a clear duty by a defendant to perform the act requested; and the lack of another adequate remedy. *Kerr v. United States District Court*, 426 U.S. 394, 403 (1976). *See In re Beard*, 811 F.2d 818, 826-27 (4th Cir. 1987). The granting of a writ

of mandamus is a drastic remedy to be used only in extraordinary situations. *Kerr*, 426 U.S. at 402. The question, then, is whether Plaintiff may have this Court order his release to a particular halfway house or district.[1]

Here, as has already been explained to Plaintiff by the court in the Northern District of West Virginia, the duty of the BOP is to develop a release plan for him. His motion states that is has done so. While Plaintiff may disagree with that plan, he produces nothing to show that the nature of the plan is not within the discretion of the BOP, that he can dictate the terms of the plan, or that formulating the release plan is within the province of this Court. This Court agrees with the sentencing court that it should defer to the BOP to develop an appropriate plan. If Plaintiff desires a particular plan, he should work within the BOP to

---

[1] Subsumed is the issue of whether mandamus is a civil action for which Plaintiff must pay the filing fee and/or is subject to the Prison Litigation Reform Act of 1996 (PLRA)(specifically the changes to 28 U.S.C. § 1915). A number of courts have wrestled with the decision of whether the PLRA applies to mandamus actions. In general, mandamus is not looked upon as an independent action, but rather a proceeding which must find its jurisdiction in other statutes. If those statutes would not subject a plaintiff to the PLRA, then the courts will not do so when a writ of mandamus is filed. In situations where the underlying controversy involved a criminal conviction and post-conviction relief, the appellate court found the request for a writ of mandamus was not subject to the PLRA. *Madden v. Myers*, 102 F.3d 74 (3d Cir. 1996); *In re Stone*, 118 F.3d 1032 (5th Cir. 1997). The same rule has been applied when the underlying proceeding was a criminal case prior to judgment. *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996); *Martin v. United States*, 96 F.3d 853, 854-55 (7th Cir. 1996). On the other hand, when the underlying action was civil in nature, the PLRA has been held to apply and the plaintiff has been required to pay the filing fee. *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997)(civil rights lawsuit against prison officials); *In re Smith*, 114 F.3d 1247 (D.C. Cir. 1997)(petition requesting writ of prohibition along with request for parole files and compensatory and punitive damages under Privacy Act of 1974); *see also Green v. Nottingham*, 90 F.3d 415 (10th Cir. 1996)(prisoner civil rights action). Plaintiff's motion would seem to more closely resemble these latter cases.

formulate that plan.[2] Plaintiff's motion, which should be construed as an action seeking a writ of mandamus, should be denied. *In forma pauperis* status is granted for the sole purpose of entering this recommendation of dismissal.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this recommendation.

**IT IS RECOMMENDED** that this action be filed, construed as an action seeking a writ of mandamus, and then dismissed *sua sponte*. The dismissal should be on the merits to the extent Plaintiff wants an order directing the BOP to release him into this District. The BOP can determine an appropriate plan for his release.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: January 13, 2011

---

[2] Even if the Court could theoretically order the BOP to alter its plan, it is not at all clear that jurisdiction would exist in this case. Plaintiff is housed in Butner, North Carolina, which is not located in this District. Therefore, it appears that neither he nor the BOP officials formulating his plan are located in this District. The same problem would prevent the Court from hearing the case if it were construed as a challenge to the execution of Plaintiff's sentence under 28 U.S.C. § 2241, which would be a possible alternative to treating it as a request for a writ of mandamus.